

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 15, 2020

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: United States v. Omar Amanat & Irfan Amanat,
     15 Cr. 536 (PGG)

Dear Judge Gardephe:

  The Government writes in opposition to defendants Omar Amanat's and Irfan Amanat's motions for furlough to attend their father's funeral. (Dkt. 1093, 1094). The Government has conferred with the U.S. Marshals, who also oppose the defendants' motions.

  Where, as here, the defendants seek temporary release from Bureau of Prison ("BOP") custody to attend a funeral, 18 U.S.C. § 3622 applies. Section 3622 provides in relevant part:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to . . . visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . . attending a funeral of a relative.

18 U.S.C. § 3622(a)(2). "[T]he decision of whether to grant [a defendant] a furlough under Section 3622 is committed to sole discretion of the BOP." *United States v. Roberts*, -- F. Supp. 3d --, No. 18 Cr. 528 (JMF) 2020 WL 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020). "As virtually every court to consider the question appears to have held, '[t]he statute could not be clearer as to whom it vests with the authority to grant temporary release. . . . [It] gives authority over temporary-release decisions "to the Bureau of Prisons (BOP), not the federal courts."'" *Id.* (citations omitted; alternations in original; collecting cases); *accord United States v. Schaefer*, No. 07 Cr. 498 (LJL)

Hon. Paul G. Gardephe
September 15, 2020
Page 2

(S.D.N.Y.), ECF No. 73 (Apr. 6, 2020), at 4; *United States v. Hernandez*, No. 19 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).  As noted, the Government has conferred with the U.S. Marshals, who oppose the defendants' motions, including because of the COVID-19 pandemic.[1]  For that reason, the defendants' motions should be denied.

Even if the Court had the authority to grant the defendants furlough, the Court should deny the motions for substantially the same reasons set forth in the Government's opposition to the defendants' Section 3582 motions (Dkt. 1064) and in the Court's decision denying the Section 3582 motions, *United States v. Amanat*, -- F. Supp. 3d --, No. 15 Cr. 356 (PGG), 2020 WL 1847927 (S.D.N.Y. Apr. 13, 2020).  The defendants remain flight risks and dangers to the community.  Moreover, in light of the COVID-19 pandemic, permitting the defendants to be temporarily released presents potential risks to the defendants, the U.S. Marshals, and the other inmates at MDC Brooklyn, where the defendants are housed.  As such, it is against the "public interest" to grant them furlough, and there is no "reasonable cause to believe" that the defendants "will honor the trust to be imposed" on them were they to be temporarily released.  18 U.S.C. § 3622.  Accordingly, the furlough motions should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:        /s/
Joshua A. Naftalis
Andrea M. Griswold
Daniel Tracer
Assistant United States Attorneys
(212) 637-2310/1205/2329

cc:   Defense counsel (by CM/ECF)

---

[1] It is against the U.S. Marshals' policy to accompany defendants on furloughs.