

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 11, 2021

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    United States v. Omar Amanat & Irfan Amanat,
            15 Cr. 536 (PGG)

Dear Judge Gardephe:

The Government writes in response to Court's July 29, 2021 Order and to confirm that it will not be seeking restitution or forfeiture from defendants Omar Amanat ("Omar") and Irfan Amanat ("Irfan").

    I.    Restitution

As the Court is aware, both Omar and Irfan were convicted of Counts One through Three, which relate to fraud that was perpetrated on the investors of Maiden Capital. On or about May 6, the Government contacted counsel for the investors in Maiden Capital and was advised that the investors do not wish to seek restitution in this case. They are instead involved in litigation in North Carolina and pursing recovery there. Accordingly, the Government is not seeking restitution for those counts. Omar was also convicted of Count Four (market manipulation), but the Court recently found that the Government had not proven any loss with respect to Count Four. (Dkt. No. 1179). Finally, Irfan was convicted of Count Six (the KIT Digital accounting fraud conspiracy) but as a result of that crime, KIT Digital ultimately declared bankruptcy (Indictment ¶ 90). Given the complexity of locating, contacting, calculating, and apportioning loss among the myriad investors in a public company like KIT Digital as well as the fact the bankruptcy proceeding often serve as a better process for recovering and distributing assets, the Government believes that it would not be in the interests of justice to pursue restitution with respect to Count Six and instead to allow the recovery and distribution of assets to be pursued through the bankruptcy process under the auspices of a bankruptcy judge and trustee that are more suited for such a role. *See* 18 U.S.C. § 3663A(c)(3).

    II.    Forfeiture

Although the Government believes that Omar and Irfan engaged in large-scale financial fraud, the evidence does not clearly show that the proceeds of these crimes were personally

Hon. Paul G. Gardephe
August 11, 2021
Page 2

"acquired or used by the defendant[s]" in order to justify the imposition of criminal forfeiture. *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). To be sure, the defendants' conduct contributed to the collapse of both Maiden Capital and KIT Digital. However, because forfeiture only applies to proceeds of a crime that a defendant actually acquires, the Government is not seeking such an order here.

          Respectfully submitted,

          AUDREY STRAUSS
          United States Attorney

By:    /s/
       Joshua A. Naftalis
       Andrea M. Griswold
       Daniel Tracer
       Assistant United States Attorneys
       (212) 637-2310/1205/2329

cc:     Defense counsel (by CM/ECF)