```
                 UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF NEW YORK
```

In re:                                  :
                                              Docket #1:15-cr-00536-
UNITED STATES OF AMERICA,               : PGG-7

                Plaintiff,              :

  - against -                           :

AMANAT, IRFAN,                          : New York, New York
                                          December 5, 2016
                Defendant.              :
                                          ARRAIGNMENT AND
--------------------------------------- : PRESENTMENT

                      PROCEEDINGS BEFORE
                THE HONORABLE KATHARINE H. PARKER,
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  ANDREA M. GRISWOLD, ESQ.
                             A. DAMIAN WILLIAMS, ESQ.
                        One St. Andrew's Plaza
                        New York, New York 10007

For Defendant:          SARITA KEDIA, ESQ.
                        5 East 22nd Street, Suite 7B
                        New York, NY 10010




Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| 1 | | PROCEEDINGS                             3 |

```
 1                         PROCEEDINGS                           3
 2              MS. ANDREA GRISWOLD:  Good afternoon, your
 3   Honor.  Andrea Griswold and Damian Williams for the
 4   government.  We're joined at counsel table by FBI Special
 5   Agent Daniel Sanford and Postal Inspector Melissa Atkin.
 6              HONORABLE KATHARINE H. PARKER (THE COURT):
 7   Good afternoon.
 8              MS. SARITA KEDIA:  Good afternoon, Sarita Kedia
 9   for Irfan Amanat.
10              THE COURT:  Good afternoon.
11              Can I have the date and time of arrest, please?
12              MS. GRISWOLD:  Yes, your Honor.  This morning at
13   approximately six a.m.
14              THE COURT:  Six a.m., you said?
15              MS. GRISWOLD:  Yes.
16              THE COURT:  And has the government given notice
17   to any victims of the alleged crimes of this proceeding?
18              MS. GRISWOLD:  Your Honor, yes, notification has
19   been made to known victims.
20              THE COURT:  Okay.  Mr. Amanat, my name is
21   Magistrate Judge Parker.  And you are here because you
22   are charged with certain crimes supported by a Complaint.
23   Do you have a copy of the Complaint?
24              MR. IRFAN AMANAT (THE DEFENDANT):  Yes, your
25   Honor.
```

2          THE COURT:  And the purpose of today's
3    proceeding is to advise you of certain rights that you
4    have; inform you of the charges against you; consider
5    whether counsel should be appointed for you; and decide
6    under what conditions, if any, you shall be released
7    pending trial.
8          I note that this is a sealed Complaint.  Do we
9    need to unseal it at this time?
10         MS. GRISWOLD:  I believe it unsealed
11   automatically upon arrest.
12         THE COURT:  Okay.  Thank you.
13         THE COURT:  Mr. Amanat, I'm now going to explain
14   certain constitutional rights that you have.  You have
15   the right to remain silent.  You are not required to make
16   any statements.  Even if you have already made statements
17   to the authorities, you need not make any further
18   statements.  Any statements that you do make can be used
19   against you.
20         You have the right to be released, either
21   conditionally or unconditionally, pending trial unless I
22   find that there are no conditions that would reasonably
23   assure your presence at future court appearances and the
24   safety of the community.
25         If you are not a U.S. citizen, you have the

2  right to request that a government attorney or law

3  enforcement official notify a consular officer from your

4  country of origin that you've been arrested.  And in some

5  cases, a treaty or other agreement may require the United

6  States government to give notice whether you request it

7  or not.

8              You have the right to be represented by an

9  attorney during all court proceedings, including this

10 one, and during all questioning by the authorities.  You

11 have the right to hire your own attorney.  If you cannot

12 afford an attorney, I will appoint one today to represent

13 you.  Do you understand your rights as I've just

14 explained them?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And I understand you have retained

17 counsel, is that right?

18             MS. KEDIA:  Yes, your Honor.

19             THE COURT:  So Ms. Kedia is your counsel.

20             I am now going to just go over a summary of the

21 Complaint.  I have a copy of the Complaint before me.

22 The charges include conspiracy to commit securities

23 fraud, make false statements and annual and quarterly SEC

24 reports and make false statements to auditors.  And this

25 would be in violation of Title 15 of the United States

2  Code Section 78j(b); Section 78m(a); and 78ff; also in
3  violation of Title 17 of the Code of Federal Regulations,
4  Section 240.10b-5 and 240.13b(2-2).
5      Count Two of the Complaint charges you with
6  securities fraud in violation of 17 Code of Federal
7  Regulations 240.10b-5 and Title 18 of the United States
8  Code, Section 2.
9      Count Three of the Complaint (indiscernible -
10 audio skip) to commit wire fraud with respect to Maiden
11 Capital investors, in violation of Title 18 of the United
12 States Code, Sections 1343 and 1349.
13     Count Four of the Complaint charges you with
14 wire fraud, again with respect to Maiden Capital
15 investors, in violation of Title 18 United States Code,
16 Section 1343 and 2.
17     Count Five charges you with aiding and abetting
18 investment adviser fraud, in violation of Title 15 of the
19 United States Code, Section 80b-6 and 80b-17, as well as
20 Title 18 of the United States Code, Section 2.
21     Counsel, have you received a copy of the
22 Complaint?
23     MS. KEDIA: I have, your Honor.
24     THE COURT: And have you had an opportunity to
25 review it with your client?

2          MS. KEDIA:  I have.

3          THE COURT:  Mr. Amanat, do you understand the
4 charges that you are faced with?

5          MS. KEDIA:  Yes, your Honor.

6          THE COURT:  And does your client waive a public
7 reading of the indictment?

8          MS. KEDIA:  He does.  And I enter a plea of not
9 guilty on his behalf.

10          THE COURT:  Okay.  Thank you.

11          Well, this is here on a Complaint, so we do need
12 to set a preliminary hearing date.  You have the right to
13 have a preliminary hearing at which the government will
14 have a burden of showing that there is probable cause to
15 believe that the crime for which you are being charged
16 has been committed and that you are the person who
17 committed it.  At the hearing you or your counsel would
18 be able to cross-examine any witnesses and introduce
19 evidence.  If you are in custody, you have the right to
20 have the preliminary hearing within 14 days; if you are
21 not in custody, you have the right to have the
22 preliminary hearing within 21 days.  However, a
23 preliminary hearing will not be held if you are indicted
24 by a grand jury before the date of the preliminary
25 hearing.  I will set a preliminary hearing date at the

2  conclusion of these proceedings.
3           I'll hear next from the government as to bail,
4  detention or release.
5           MS. GRISWOLD:  Thank you, your Honor.  We have
6  consulted with defense counsel and have a proposed
7  package for your Honor's consideration.  The package
8  consists of a one and a half million dollar personal
9  recognizance bond, secured by $250,000 in cash or
10 property, cosigned by four individuals, three of whom
11 would be financially responsible persons and the fourth
12 would be the defendant's wife for moral suasion; GPS
13 monitoring and strict pretrial supervision; travel
14 restricted to the Southern and Eastern Districts of New
15 York, as well as the District of New Jersey, where the
16 defendant would continue to reside at his current
17 residence.  The defendant would be released today on his
18 signature, plus the signature of his wife and two of the
19 financially responsible persons, both of whom the
20 government has previously interviewed.  And that is
21 Nasreen Amanat and Afzal Amanat.  And then the defendant
22 would have until the end of next week, specifically,
23 December 16th, to satisfy the remaining conditions, that
24 is, the fourth cosigner and posting the security.
25          THE COURT:  Can you spell the names of the two

2  financially responsible individuals?

3          MS. GRISWOLD:  Yes, your Honor.  I believe the
4  first one is spelled N-a-s-r-e-e-n, last name Amanat, A-
5  m-a-n-a-t; the second one, the first name is A-f-z-a-l,
6  same last name, Amanat.  And defense counsel will correct
7  me if I'm wrong.  And I believe the wife's name is Fatima
8  Sami, first name F-a-t-i-m-a, last name, S-a-m-i.

9          THE COURT:  I'll hear next from defense counsel.

10         MS. KEDIA:  Yes, your Honor.  We have agreed
11 upon the package.  The parties agree that home detention
12 is not necessary in this case.  And we've agreed that a
13 GPS monitoring device can be placed on the defendant, to
14 be revisited after a modest period of confinement.

15         We do have the two financially responsible
16 suretors here in court to sign on Mr. Amanat's behalf
17 today, as well as his wife.

18         There is a third financially responsible suretor
19 here, as well; however, she has not yet been interviewed
20 by the government, so she will be interviewed.  And
21 presuming that the government approves here and there are
22 no issues, she can sign, as well, on Mr. Amanat's behalf.

23         THE COURT:  Now, neither the government nor you
24 have mentioned surrender of passport.

25         MS. GRISWOLD:  The agents already have his

2  passport.  So no new applications would be our request.

3          MS. KEDIA:  And we agree to that.

4          THE COURT:  The other question I have is whether
5  or not the government has any concerns about new lines of
6  credit.

7          MS. GRISWOLD:  Your Honor, we noticed the other
8  recommendations in the Pretrial Report.  You know, at
9  present we're not seeking any conditions beyond those
10 that I put on the record.

11         MS. KEDIA:  And, your Honor, we don't believe
12 that Mr. Amanat is any flight risk at all; and certainly,
13 with the conditions that the government has proposed, we
14 think are sufficient to ensure his return to court as
15 required.

16         THE COURT:  Okay.  The Court will take just a
17 short recess.

18         (Brief recess taken.)

19         THE COURT:  Okay.  Based on my review of the
20 Complaint, the Pretrial Services Report, and Mr. Amanat's
21 agreement, and the government's submission for release on
22 conditions, I will grant release on certain conditions.

23         First, the defendant will be released subject to
24 a $1.5 million bond, personal recognizance bond, signed
25 by four financially responsible individuals.  That will

2  be secured by $250,000 -- and is that cash?
3              MS. GRISWOLD:  Cash or property.
4              THE COURT:  Cash or property.
5              Travel will be restricted to the Southern
6  District of New York, Eastern District of New York, and
7  the District of New Jersey.  Mr. Amanat's to make no new
8  applications for any travel documents.
9              There will be strict pretrial supervision.
10 There will be electronic monitoring without prejudice to
11 reapply for it to be ended if Pretrial Services deems
12 that appropriate.  And because of the late hour,
13 Mr. Amanat is directed to return to Pretrial Services
14 here in the Southern District of New York, fifth floor,
15 room 550, at nine a.m. tomorrow morning so that he can be
16 fitted with an electronic monitoring device.
17             The defendant otherwise will be released tonight
18 on his own signature, plus the signatures of two
19 financially responsible individuals and his wife.
20             Additionally, Mr. Amanat is to have no contact
21 with victims or witnesses.  And it's my understanding he
22 will be maintaining his residence at 68 Windsor Drive in
23 Pinebrook, New Jersey, is that right?
24             MS. KEDIA:  That is correct, your Honor.
25             And if I could just clarify one thing, your

2  Honor?

3          THE COURT:  Yes.

4          MS. KEDIA:  Your Honor directed his release with

5  the signatures of four financially responsible

6  individuals.  What we had proposed, actually, was three

7  people that the government deemed financially

8  responsible, plus the fourth signature being his wife, as

9  well as his own, of course, if that's okay with the

10 Court.

11         THE COURT:  Is that acceptable to the

12 government?

13         MS. GRISWOLD:  Yes, your Honor, that's our

14 jointly proposed package.

15         THE COURT:  Okay.  So three financially

16 responsible individuals, plus his wife, but only two will

17 be required to sign tonight, along with his wife.  And

18 the remaining conditions will need to be met by

19 December 16th.

20         Is there anything further on the bail

21 conditions, any other questions?

22         MS. KEDIA:  No, your Honor.

23         THE COURT:  Okay.

24         MS. GRISWOLD:  Your Honor, I just want to put on

25 the record that the passport was just surrendered to

2  Pretrial.
3          THE COURT:  Okay.  Thank you.
4          Mr. Amanat, let me warn you that if you fail to
5  appear in court or you violate any of the conditions of
6  your release, a warrant will be issued for your arrest,
7  and you and anyone who signed the bond will each be
8  responsible for paying its full amount, that is, $1.5
9  million, and you may be charged with the separate crime
10 of bail  jumping, which can mean additional jail time of
11 no more than one year and/or a fine.  In addition, if you
12 commit any new offense while you are released, in
13 addition to the sentence prescribed for that offense, you
14 will be sentenced to an additional term of imprisonment
15 of not more than ten years if the offense is a felony or
16 not more than one year if the offense is a misdemeanor.
17 This term of imprisonment will be executed after any
18 sentence of imprisonment is completed.
19         While you are awaiting trial, I also must warn
20 you not to have contact with or engage in any
21 intimidation of potential or designated witnesses or
22 jurors, not to engage in any intimidation of any court
23 officer, and not to engage in any conduct that would
24 obstruct any investigation by law enforcement.
25         Finally, if you don't agree with my decision --

```
 1                       PROCEEDINGS                      14
 2   I'm just one person -- you have the right to appeal it.
 3             And I think we shall set our preliminary hearing
 4   date now.  What's your position on the preliminary
 5   hearing date?
 6             MS. GRISWOLD:  Either 21 days or 30 days.  It's
 7   the defendant's -- obviously, the government will comply
 8   with either.
 9             MS. KEDIA:  So we would ask for the 21 days,
10   your Honor.
11             THE COURT:  All right, 21 days.  So it will be
12   set for December 27, 2016.
13             MS. KEDIA:  Oh, perhaps we could set it the week
14   before, actually, given that those are the holidays
15   between the --
16             MS. GRISWOLD:  I think we get 21 days if he's
17   released, your Honor.
18             MS. KEDIA:  So, in that case --
19             THE COURT:  the 30 days is January 3, 2017.
20             MS. KEDIA:  Let's schedule it for January 3rd.
21             THE COURT:  Thirty days?  Okay.
22             Anything further from the government?
23             MS. GRISWOLD:  No, your Honor.  Thank you.
24             THE COURT:  Anything further from the defense?
25             MS. KEDIA:  No, thank you.
```

2 THE COURT: Okay. Thank you.

3 (Whereupon, the matter is adjourned.)

16

## C E R T I F I C A T E

I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of USA v. Amanat, Docket #15-cr-00536-PGG-7, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature_____
              Carole Ludwig

Date:    June 2, 2022