UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                             Docket #1:15-cr-00536-
UNITED STATES OF AMERICA,                 : PGG-7

                    Plaintiff,            :

   - against -                            :

AMANAT, IRFAN,                            : New York, New York
                                            December 5, 2016
                    Defendant.            :
                                            <u>ARRAIGNMENT AND</u>
------------------------------------ :     <u>PRESENTMENT</u>

                    PROCEEDINGS BEFORE
            THE HONORABLE KATHARINE H. PARKER,
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  ANDREA M. GRISWOLD, ESQ.
                              A. DAMIAN WILLIAMS, ESQ.
                        One St. Andrew's Plaza
                        New York, New York 10007

For Defendant:          SARITA KEDIA, ESQ.
                        5 East 22nd Street, Suite 7B
                        New York, NY 10010

Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

## INDEX

### E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|

None

### E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|

None

                    MS. ANDREA GRISWOLD:  Good afternoon, your

Honor.  Andrea Griswold and Damian Williams for the

government.  We're joined at counsel table by FBI Special

Agent Daniel Sanford and Postal Inspector Melissa Atkin.

                    HONORABLE KATHARINE H. PARKER (THE COURT):

Good afternoon.

                    MS. SARITA KEDIA:  Good afternoon, Sarita Kedia

for Irfan Amanat.

                    THE COURT:  Good afternoon.

                    Can I have the date and time of arrest, please?

                    MS. GRISWOLD:  Yes, your Honor.  This morning at

approximately six a.m.

                    THE COURT:  Six a.m., you said?

                    MS. GRISWOLD:  Yes.

                    THE COURT:  And has the government given notice

to any victims of the alleged crimes of this proceeding?

                    MS. GRISWOLD:  Your Honor, yes, notification has

been made to known victims.

                    THE COURT:  Okay.  Mr. Amanat, my name is

Magistrate Judge Parker.  And you are here because you

are charged with certain crimes supported by a Complaint.

Do you have a copy of the Complaint?

                    MR. IRFAN AMANAT (THE DEFENDANT):  Yes, your

Honor.

THE COURT:  And the purpose of today's proceeding is to advise you of certain rights that you have; inform you of the charges against you; consider whether counsel should be appointed for you; and decide under what conditions, if any, you shall be released pending trial.

I note that this is a sealed Complaint.  Do we need to unseal it at this time?

MS. GRISWOLD:  I believe it unsealed automatically upon arrest.

THE COURT:  Okay.  Thank you.

THE COURT:  Mr. Amanat, I'm now going to explain certain constitutional rights that you have.  You have the right to remain silent.  You are not required to make any statements.  Even if you have already made statements to the authorities, you need not make any further statements.  Any statements that you do make can be used against you.

You have the right to be released, either conditionally or unconditionally, pending trial unless I find that there are no conditions that would reasonably assure your presence at future court appearances and the safety of the community.

If you are not a U.S. citizen, you have the

right to request that a government attorney or law

enforcement official notify a consular officer from your

country of origin that you've been arrested.  And in some

cases, a treaty or other agreement may require the United

States government to give notice whether you request it

or not.

You have the right to be represented by an

attorney during all court proceedings, including this

one, and during all questioning by the authorities.  You

have the right to hire your own attorney.  If you cannot

afford an attorney, I will appoint one today to represent

you.  Do you understand your rights as I've just

explained them?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And I understand you have retained

counsel, is that right?

MS. KEDIA:  Yes, your Honor.

THE COURT:  So Ms. Kedia is your counsel.

I am now going to just go over a summary of the

Complaint.  I have a copy of the Complaint before me.

The charges include conspiracy to commit securities

fraud, make false statements and annual and quarterly SEC

reports and make false statements to auditors.  And this

would be in violation of Title 15 of the United States

Code Section 78j(b); Section 78m(a); and 78ff; also in

violation of Title 17 of the Code of Federal Regulations,

Section 240.10b-5 and 240.13b(2-2).

Count Two of the Complaint charges you with

securities fraud in violation of 17 Code of Federal

Regulations 240.10b-5 and Title 18 of the United States

Code, Section 2.

Count Three of the Complaint (indiscernible -

audio skip) to commit wire fraud with respect to Maiden

Capital investors, in violation of Title 18 of the United

States Code, Sections 1343 and 1349.

Count Four of the Complaint charges you with

wire fraud, again with respect to Maiden Capital

investors, in violation of Title 18 United States Code,

Section 1343 and 2.

Count Five charges you with aiding and abetting

investment adviser fraud, in violation of Title 15 of the

United States Code, Section 80b-6 and 80b-17, as well as

Title 18 of the United States Code, Section 2.

Counsel, have you received a copy of the

Complaint?

MS. KEDIA:  I have, your Honor.

THE COURT:  And have you had an opportunity to

review it with your client?

MS. KEDIA:  I have.

THE COURT:  Mr. Amanat, do you understand the charges that you are faced with?

MS. KEDIA:  Yes, your Honor.

THE COURT:  And does your client waive a public reading of the indictment?

MS. KEDIA:  He does.  And I enter a plea of not guilty on his behalf.

THE COURT:  Okay.  Thank you.

Well, this is here on a Complaint, so we do need to set a preliminary hearing date.  You have the right to have a preliminary hearing at which the government will have a burden of showing that there is probable cause to believe that the crime for which you are being charged has been committed and that you are the person who committed it.  At the hearing you or your counsel would be able to cross-examine any witnesses and introduce evidence.  If you are in custody, you have the right to have the preliminary hearing within 14 days; if you are not in custody, you have the right to have the preliminary hearing within 21 days.  However, a preliminary hearing will not be held if you are indicted by a grand jury before the date of the preliminary hearing.  I will set a preliminary hearing date at the

conclusion of these proceedings.

I'll hear next from the government as to bail, detention or release.

MS. GRISWOLD: Thank you, your Honor. We have consulted with defense counsel and have a proposed package for your Honor's consideration. The package consists of a one and a half million dollar personal recognizance bond, secured by $250,000 in cash or property, cosigned by four individuals, three of whom would be financially responsible persons and the fourth would be the defendant's wife for moral suasion; GPS monitoring and strict pretrial supervision; travel restricted to the Southern and Eastern Districts of New York, as well as the District of New Jersey, where the defendant would continue to reside at his current residence. The defendant would be released today on his signature, plus the signature of his wife and two of the financially responsible persons, both of whom the government has previously interviewed. And that is Nasreen Amanat and Afzal Amanat. And then the defendant would have until the end of next week, specifically, December 16th, to satisfy the remaining conditions, that is, the fourth cosigner and posting the security.

THE COURT: Can you spell the names of the two

financially responsible individuals?

MS. GRISWOLD: Yes, your Honor. I believe the first one is spelled N-a-s-r-e-e-n, last name Amanat, A-m-a-n-a-t; the second one, the first name is A-f-z-a-l, same last name, Amanat. And defense counsel will correct me if I'm wrong. And I believe the wife's name is Fatima Sami, first name F-a-t-i-m-a, last name, S-a-m-i.

THE COURT: I'll hear next from defense counsel.

MS. KEDIA: Yes, your Honor. We have agreed upon the package. The parties agree that home detention is not necessary in this case. And we've agreed that a GPS monitoring device can be placed on the defendant, to be revisited after a modest period of confinement.

We do have the two financially responsible suretors here in court to sign on Mr. Amanat's behalf today, as well as his wife.

There is a third financially responsible suretor here, as well; however, she has not yet been interviewed by the government, so she will be interviewed. And presuming that the government approves here and there are no issues, she can sign, as well, on Mr. Amanat's behalf.

THE COURT: Now, neither the government nor you have mentioned surrender of passport.

MS. GRISWOLD: The agents already have his

passport.  So no new applications would be our request.

MS. KEDIA:  And we agree to that.

THE COURT:  The other question I have is whether or not the government has any concerns about new lines of credit.

MS. GRISWOLD:  Your Honor, we noticed the other recommendations in the Pretrial Report.  You know, at present we're not seeking any conditions beyond those that I put on the record.

MS. KEDIA:  And, your Honor, we don't believe that Mr. Amanat is any flight risk at all; and certainly, with the conditions that the government has proposed, we think are sufficient to ensure his return to court as required.

THE COURT:  Okay.  The Court will take just a short recess.

(Brief recess taken.)

THE COURT:  Okay.  Based on my review of the Complaint, the Pretrial Services Report, and Mr. Amanat's agreement, and the government's submission for release on conditions, I will grant release on certain conditions.

First, the defendant will be released subject to a $1.5 million bond, personal recognizance bond, signed by four financially responsible individuals.  That will

be secured by $250,000 -- and is that cash?

MS. GRISWOLD:  Cash or property.

THE COURT:  Cash or property.

Travel will be restricted to the Southern District of New York, Eastern District of New York, and the District of New Jersey.  Mr. Amanat's to make no new applications for any travel documents.

There will be strict pretrial supervision. There will be electronic monitoring without prejudice to reapply for it to be ended if Pretrial Services deems that appropriate.  And because of the late hour, Mr. Amanat is directed to return to Pretrial Services here in the Southern District of New York, fifth floor, room 550, at nine a.m. tomorrow morning so that he can be fitted with an electronic monitoring device.

The defendant otherwise will be released tonight on his own signature, plus the signatures of two financially responsible individuals and his wife.

Additionally, Mr. Amanat is to have no contact with victims or witnesses.  And it's my understanding he will be maintaining his residence at 68 Windsor Drive in Pinebrook, New Jersey, is that right?

MS. KEDIA:  That is correct, your Honor.

And if I could just clarify one thing, your

Honor?

THE COURT:  Yes.

MS. KEDIA:  Your Honor directed his release with the signatures of four financially responsible individuals.  What we had proposed, actually, was three people that the government deemed financially responsible, plus the fourth signature being his wife, as well as his own, of course, if that's okay with the Court.

THE COURT:  Is that acceptable to the government?

MS. GRISWOLD:  Yes, your Honor, that's our jointly proposed package.

THE COURT:  Okay.  So three financially responsible individuals, plus his wife, but only two will be required to sign tonight, along with his wife.  And the remaining conditions will need to be met by December 16th.

Is there anything further on the bail conditions, any other questions?

MS. KEDIA:  No, your Honor.

THE COURT:  Okay.

MS. GRISWOLD:  Your Honor, I just want to put on the record that the passport was just surrendered to

Pretrial.

THE COURT:  Okay.  Thank you.

Mr. Amanat, let me warn you that if you fail to appear in court or you violate any of the conditions of your release, a warrant will be issued for your arrest, and you and anyone who signed the bond will each be responsible for paying its full amount, that is, $1.5 million, and you may be charged with the separate crime of bail  jumping, which can mean additional jail time of no more than one year and/or a fine.  In addition, if you commit any new offense while you are released, in addition to the sentence prescribed for that offense, you will be sentenced to an additional term of imprisonment of not more than ten years if the offense is a felony or not more than one year if the offense is a misdemeanor. This term of imprisonment will be executed after any sentence of imprisonment is completed.

While you are awaiting trial, I also must warn you not to have contact with or engage in any intimidation of potential or designated witnesses or jurors, not to engage in any intimidation of any court officer, and not to engage in any conduct that would obstruct any investigation by law enforcement.

Finally, if you don't agree with my decision --

I'm just one person -- you have the right to appeal it.

          And I think we shall set our preliminary hearing date now.  What's your position on the preliminary hearing date?

          MS. GRISWOLD:  Either 21 days or 30 days.  It's the defendant's -- obviously, the government will comply with either.

          MS. KEDIA:  So we would ask for the 21 days, your Honor.

          THE COURT:  All right, 21 days.  So it will be set for December 27, 2016.

          MS. KEDIA:  Oh, perhaps we could set it the week before, actually, given that those are the holidays between the --

          MS. GRISWOLD:  I think we get 21 days if he's released, your Honor.

          MS. KEDIA:  So, in that case --

          THE COURT:  the 30 days is January 3, 2017.

          MS. KEDIA:  Let's schedule it for January 3rd.

          THE COURT:  Thirty days?  Okay.

          Anything further from the government?

          MS. GRISWOLD:  No, your Honor.  Thank you.

          THE COURT:  Anything further from the defense?

          MS. KEDIA:  No, thank you.

1

2          THE COURT:  Okay.  Thank you.

3          (Whereupon, the matter is adjourned.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

        I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of USA v. Amanat, Docket #15-cr-00536-PGG-7, was prepared using digital transcription software and is a true and accurate record of the proceedings.


Signature_____

                    Carole Ludwig

Date:    June 2, 2022